IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES M. EVERETT,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    Case No. 3:22-cv-255-DWD |
| | ) |
| **HON. T. CANNADY,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Charles M. Everett filed this action on April 14, 2022. On the same day, Everett filed a motion for leave to proceed *in forma pauperis*. (Doc. 4). Two matters must be resolved before *in forma pauperis* status can be granted: the plaintiff must show that he is indigent by submitting an affidavit "that includes a statement of all assets [she] possesses [showing] that [he] is unable to pay such fees or give security therefor," and the plaintiff's complaint must state a claim upon which relief may be granted. 28 U.S.C. § 1915(a)(1), (e)(2).

In his complaint, Everett alleges that Defendant T. Cannady is a judge who presided over the administration of the estate of his father, Maurice Everett, Sr., in St. Clair County Probate Court in August 2021. (Doc. 1 at 1–2). Everett claims that Judge Cannady violated a judicial canon prohibiting *ex parte* communications. (Doc. 1 at 2). He also claims that Judge Cannady failed to follow Illinois law governing the distribution of Maurice Everett's estate. (Doc. 1 at 2–3). Ultimately, Everett appears to take issue with

the fact that he received nothing in the distribution of his father's estate.

Nowhere in the complaint does Everett provide a basis for federal jurisdiction over his claims. "It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696–97 (7th Cir. 2007). One common basis for federal subject matter jurisdiction is diversity jurisdiction. To establish diversity jurisdiction, a plaintiff must show that the plaintiff and defendant are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Everett's complaint indicates that he lives in Swansea, Illinois and that Judge Cannady presides in St. Clair County, Illinois. (Doc. 1 at 1 & 7). If that is true, diversity jurisdiction does not exist in this case because the plaintiff and the defendants are citizens of the same state. *See Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("Section 1332 requires complete diversity: no plaintiff may be a citizen of the same state as any defendant.").

The other common basis for federal subject matter jurisdiction is called federal question jurisdiction. This type of jurisdiction exists for cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law when 'federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Luckett v. First Midwest Bank*, 576 F. Supp. 2d 925, 928 (N.D. Ill. 2008) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997)). Everett asserts throughout his complaint that the Tucker Act of 1887, 28 U.S.C. 1491, in which the United States waived its sovereign immunity for certain types of claims, permits him to bring this lawsuit. However, Everett

2

has not named the United States or any officer of the United States as a defendant. Therefore, this law does not provide federal jurisdiction over this case. In passing, Everett also invokes the First and Sixth Amendments to the United States Constitution and alleges that Judge Cannady violated his right to freedom of speech and his right to a fair hearing. But Everett has alleged no facts showing that his freedom of speech was violated, and the Sixth Amendment applies only to criminal prosecutions, not probate proceedings. Everett has not referred to any other federal law as the basis for his claims or otherwise shown that his claims involve a substantial question of federal law. Therefore, he has not shown that federal question jurisdiction exists either.

For these reasons, Everett's complaint is **DISMISSED** for lack of jurisdiction. Everett's motion for leave to proceed *in forma pauperis* (Doc. 4) is **DENIED**. On or before **April 4, 2022**, Everett shall file an amended complaint clearly stating the basis for federal jurisdiction over this case. At that time, he may also refile his motion for leave to proceed *in forma pauperis*. Failure to timely file an amended complaint will result in the final dismissal of this case.

**SO ORDERED.**

Dated: March 3, 2022

_____
DAVID W. DUGAN
United States District Judge